# MEMORANDA

# CASES NOT REPORTED IN FULL.

ALBERT LEFLER, Appellant, *v.* ISAAC SHERWOOD,
Respondent.

*When a pleading should be amended to conform to the proofs— Code of Civil Procedure, §§ 539, 540, 722, 723.*

Appeal from a judgment in favor of the defendant, entered upon a dismissal of the plaintiff's complaint at a Circuit. The complaint alleged:

"That during the month of September, 1877, he was a surgeon-dentist, doing business in the city of New York, and engaged in the manufacture of teeth, etc. During said month defendant employed plaintiff to manufacture for him, said defendant, a set of teeth, and agreed to pay plaintiff therefor the sum of $70 upon the completion thereof. That pursuant to such employment and agreement, the plaintiff did manufacture for defendant such set of teeth, and tendered and offered them to defendant, and demanded pay therefor, all of which defendant declined and refused, to the damage of the plaintiff of the sum of $70. Wherefore plaintiff demands judgment against the defendant, for the sum of $70, together with the costs of this action."

The court, at General Term, said: "The action was not, as the respondent insists, for goods sold and delivered. It was upon contract to manufacture a set of teeth for a specific price. The plaintiff proved the manufacture (almost complete) of the teeth according to his contract. All that was necessary to finish the job

[573]

**was** the presence of the defendant in the plaintiff's office for the purpose of fitting the teeth properly in the mouth. The defendant repeatedly promised to call, but invariably failed to do so. The evidence tended to show that his conduct was willful. Upon this state of facts, there was no reason for a nonsuit. The plaintiff did all that he was bound to or could do, and the defendant was liable for such proper damages as resulted from the breach. The form of the complaint did not stand in the way. It is framed upon the theory of substantial completion. But under the present system, a party is not to be turned out of court, because he proceeds on that basis for the contract price, instead of for damages by reason of the breach. The pleadings should, if necessary, have been amended or conformed to the proof,—for the defendant could neither have been surprised, misled nor prejudiced thereby—and the case submitted to the jury upon the facts adduced. (Code of Civ. Pro., §§ 539, 540, 722, 723.)"

*Edward Gebhard*, for the appellant.

*T. Frank Brownell*, for the respondent.

Opinion by BARRETT, J.; DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Judgment reversed, new trial ordered, costs to abide event.